1

2

3

4

5

6          UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
7                  AT SEATTLE

8  CANDYCE S.,

9                        Plaintiff,          Case No. C20-5882-SKV

10      v.                                   ORDER AFFIRMING THE
                                             COMMISSIONER'S DECISION
11 COMMISSIONER OF SOCIAL
   SECURITY,
12
                         Defendant.
13

14        Plaintiff seeks review of the denial of her application for Disability Insurance Benefits.

15 Having considered the ALJ's decision, the administrative record (AR), and all memoranda of

16 record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with

17 prejudice.

18                              BACKGROUND

19        Plaintiff was born in 1953, completed one year of college education, and previously

20 worked as an accounts payable technician and staff accountant.  AR 263.  Plaintiff was last

21 gainfully employed in September 2016.  AR 263.

22        In June 2017, Plaintiff applied for benefits, alleging disability as of February 1, 2014.

23 AR 149-50.  Plaintiff's application was denied initially and on reconsideration, and Plaintiff

1   requested a hearing.  AR 86-88, 90-95. After the ALJ conducted a hearing in March 2019 (AR

2   32-67), the ALJ issued a decision finding Plaintiff not disabled.  AR 15-25.

3                               **THE ALJ'S DECISION**

4        Utilizing the five-step disability evaluation process,[1] the ALJ found:

5        **Step one**:  Plaintiff engaged in substantial gainful activity from February 2014 to
         September 2016, and the remainder of the decision addresses the period between
6        September 30, 2016, and Plaintiff's date last insured ("DLI") of March 31, 2019.

7        **Step two**:  During the adjudicated period, Plaintiff had the following severe impairments:
         diabetes mellitus, Graves' disease, status post left shoulder surgery, brachial plexus
8        condition, and sciatica.

9        **Step three**:  During the adjudicated period, Plaintiff's impairments did not meet or equal
         the requirements of a listed impairment.[2]
10

11       **Residual Functional Capacity ("RFC")**:  During the adjudicated period, Plaintiff could
         perform light work with additional limitations: she needed to avoid repetitive operation of
         hand controls.  She could frequently climb ramps and stairs, but could not climb ladders,
12       ropes, or scaffolds.  She could frequently stoop and frequently reach with the left upper
         extremity to shoulder height, but could not reach overhead on the left.  She was capable
13       of unlimited reaching on the right, with no limitations as to fingering.  She needed to
         avoid concentrated exposure to extreme cold, extreme heat, wetness, humidity, excessive
14       vibrations, and workplace hazards (such as working around dangerous machinery and
         unprotected heights).
15

16       **Step four**:  During the adjudicated period, Plaintiff was capable of performing her past
         relevant work as a bookkeeper and was therefore not disabled.

17   AR 15-25.

18       The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the

19   Commissioner's final decision.  AR 1-6.  Plaintiff appealed the final decision of the

20   Commissioner to this Court.  Dkt. 4.

21   //

22   //

23

     ---

     [1] 20 C.F.R. § 404.1520.
     [2] 20 C.F.R. Part 404, Subpart P, App. 1.

     ORDER AFFIRMING THE COMMISSIONER'S
     DECISION - 2

# LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

security benefits when the ALJ's findings are based on harmful legal error or not supported by

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir.

2005). As a general principle, an ALJ's error may be deemed harmless where it is

"inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104,

1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to

determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d

747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving

conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v.*

*Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record

as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the

Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is

susceptible to more than one rational interpretation, it is the Commissioner's conclusion that

must be upheld. *Id.*

# DISCUSSION

Plaintiff argues the ALJ erred by failing to account for her alleged difficulties sitting or

standing for extended periods of time in the RFC assessment.[3] The Commissioner argues the

[3] Although Plaintiff references the ALJ's step-two findings, she does not assign error to them. *See* Dkt. 34 at 2. Plaintiff instead argues that the ALJ's error was in failing to account for all of Plaintiff's allegations in the RFC assessment, which implicates the ALJ's findings related to the reliability of Plaintiff's allegations, as explained *infra*.

1 ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be

2 affirmed.

3 At the administrative hearing, Plaintiff testified that she can sit for 20 minutes before

4 needing to stand up and move due to back pain, and that she can stand or walk for 15-20 minutes

5 at a time before her feet start burning due to diabetic neuropathy. AR 44-45. The ALJ found

6 *inter alia* Plaintiff's diabetes and sciatica to be severe impairments at step two, and proceeded to

7 evaluate Plaintiff's allegations in her discussion of Plaintiff's RFC. *See* AR 18-23.

8 In the ALJ's summary of Plaintiff's alleged limitations, the ALJ noted that Plaintiff

9 alleged that since she had stopped working and no longer needed to sit all day, she was better

10 able to tolerate her pain. AR 20. The ALJ also referenced Plaintiff's testimony that she needed

11 to move every 20 minutes, and that she could only stand or walk for 15-20 minutes due to

12 diabetic neuropathy. *Id*. These findings indicate that the ALJ adequately appreciated the nature

13 of Plaintiff's sitting, standing, and walking allegations, contrary to Plaintiff's argument that the

14 ALJ "never specifically addressed" her sitting and standing allegations. Dkt. 34 at 2.

15 The ALJ went on to explain that she discounted Plaintiff's allegations for several reasons:

16 (1) the objective medical findings did not corroborate the disabling limitations alleged, (2)

17 Plaintiff's symptoms improved with conservative treatment, (3) Plaintiff made inconsistent

18 statements regarding her symptoms, (4) Plaintiff worked with most/all of the same impairments

19 that she now claims are disabling and stopped working for reasons unrelated to her impairments,

20 and (5) Plaintiff used assistive devices without a demonstrated medical need for them. AR 20-

21 23. Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth

22 Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

23

1    The Court finds that many of the ALJ's reasons to discount Plaintiff's allegations pass

2    muster.  First, the ALJ cited many normal examination findings that do not corroborate

3    Plaintiff's alleged limitations.  AR 21-22.  For example, the ALJ noted that on multiple

4    occasions Plaintiff retained normal strength and reflexes, normal gait, and full neck and shoulder

5    range of motion.  AR 21.  The ALJ also found that Plaintiff's diabetes was well-controlled with

6    medication and her vision is remaining stable, and that the diabetic neuropathy pain she reported

7    in her feet was thought to be connected to her weaning off oxycodone.  AR 21 (citing AR 681).

8    The ALJ also found that Plaintiff's Graves' disease was controlled with treatment.  AR 22 (citing

9    AR 480).  Although Plaintiff alleges that the ALJ failed to explain how or why she found the

10   objective medical evidence to undermine her allegations, the ALJ's findings sufficiently explain

11   why the ALJ found that the objective evidence of normal functioning fails to fully corroborate

12   Plaintiff's allegations of disabling limitations.  *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th

13   Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not

14   fully corroborated by objective medical evidence, the medical evidence is still a relevant factor

15   in determining the severity of the claimant's pain and its disabling effects.").

16        That first reason cannot alone support the ALJ's discounting of Plaintiff's allegations,

17   however, and the ALJ went on to provide additional valid reasons.  The ALJ found that

18   Plaintiff's pain improved with conservative treatment, such as medication, physical therapy, and

19   chiropractic treatment, and that when she was offered a referral for a surgical evaluation, she

20   declined.  AR 22 (citing AR 363, 367, 369, 373, 375, 377, 379, 436, 447, 467, 570, 691, 694).

21   The ALJ referenced Plaintiff's reports that her pain medications allowed her to "do everything

22   and be regularly active and moving all the time."  AR 22 (citing AR 691, 694).  This is a proper

23   reason for discounting Plaintiff's allegations of disabling pain.  Although Plaintiff contends that

the ALJ failed to consider why she did not pursue other treatment (Dkt. 31 at 12), the evidence of improvement with conservative treatment alone is a proper basis upon which to discount a claimant's allegations of disabling limitations. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008) ("The record reflects that Tommasetti responded favorably to conservative treatment including physical therapy and the use of anti-inflammatory medication, a transcutaneous electrical nerve stimulation unit, and a lumbosacral corset. Such a response to conservative treatment undermines Tommasetti's reports regarding the disabling nature of his pain.").

Although ALJs may also discount a claimant's allegations on the grounds that he or she failed to pursue treatment or did not follow treatment recommendations, and may need to determine an explanation for the claimant's choice, the ALJ did not rely on this type of reasoning in this case. *See, e.g.*, Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304 at *9 (Oct. 25, 2017) ("We may need to contact the individual regarding the lack of treatment or, at an administrative proceeding, ask why he or she has not complied with or sought treatment in a manner consistent with his or her complaints."). Therefore, any suggestion that Plaintiff had valid reasons for not pursuing more aggressive treatment would not show error in the ALJ's stated reasoning.

The ALJ went on to emphasize that Plaintiff worked for years during the period that she claimed to be disabled, and stopped working because she was laid off. AR 22-23 (citing AR 262); *see also* AR 40 (hearing testimony). This evidence undermines Plaintiff's allegation of disability, which is defined as an inability to work due to impairment(s). *See* SSR 82-61, 1982 WL 31387, at *1 (Jan. 1, 1982) ("A basic program principle is that a claimant's impairment must be the primary reason for his or her inability to engage in substantial gainful work."). Plaintiff

suggests that the ALJ speculated that she was laid off for reasons unrelated to her impairments

(Dkt. 31 at 10-11), but no speculation was required: Plaintiff testified that she was laid off due to

her employer's reduction in force spurred by fewer government contracts. *See* AR 40.

Plaintiff's explanation did not provide any basis for concluding that she stopped working for an

impairment-related reason. The ALJ reasonably found that Plaintiff stopped working for reasons

unrelated to her impairments, and did not err in discounting her allegation of disability on that

basis.

      The ALJ also identified other inconsistencies in the record that the ALJ found eroded the

reliability of Plaintiff's allegations. Specifically, the ALJ noted that Plaintiff reported traveling

to California for extended periods of time, and that she was planning to sell her house and then

"hit[] the road with her RV." AR 23 (citing AR 285, 681, 706). The ALJ interpreted this

evidence to imply that Plaintiff's limitations were not as limiting as alleged, which is a

reasonable inference because, for example, RV travel requires more extended sitting than

Plaintiff alleged she was capable of performing.

      The ALJ also noted that Plaintiff claimed that she needed to use crutches or a cane when

her sciatica flared, but that the record did not contain any medical documentation to support this.

AR 23 (citing AR 290). This is another valid reason to discount Plaintiff's allegation of

standing/walking limitations due to sciatica. *See Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th

Cir. 1999) (finding a claimant's use of an assistive device without clear medical indication as one

valid credibility consideration).

      Some of the ALJ's other findings may not be convincing, such as those related to

Plaintiff's use of a sling and cooling brace (AR 22-23), sporadic reports denying pain (AR 22),

or observations of Plaintiff in no apparent distress (AR 22), but any error in these lines of

reasoning are rendered harmless by the ALJ's other independent, valid reasons to discount

Plaintiff's allegations. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63

(9th Cir. 2008).

Because the ALJ provided multiple valid reasons to discount Plaintiff's allegations —

including the sitting, standing, and walking limitations she alleged — Plaintiff has not shown

that the ALJ erred in failing to account for these alleged limitations in the RFC assessment.

<u>CONCLUSION</u>

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and

this case is **DISMISSED** with prejudice.

Dated this 22nd day of June, 2021.



S. KATE VAUGHAN
United States Magistrate Judge